We'll hear the final case on the calendar, Mosby v. Board of Education, City of Norwalk. Good morning, Your Honors. Jeffrey Benjamin on behalf of the appellant. Your Honors, this appeal rises and falls for this pro se appellant on the willingness of this court to give effect to the district court's law of the case, specifically on the initial motion to dismiss, which granted the pro se plaintiff, appellant here, a six month window to, number one, shore up his complaint and make more substantial allegations as to his claim of disparate impact, also to give more in terms of his retaliation claim, and as well to be able to respond to the defense's arguments that there was a business necessity for the alleged disparate impact, as well as a bona fide seniority system set in place that would alleviate the Board of Education, the defense, from liability. He was denied that six month window by a host, well, initially by a sum total. He did move, didn't he, for an extension of time? He did, indeed, in December of 2016. And the court, in that order, on December 28, 2016, specifically told him that if you need more time, plaintiff, you must ask the court, and I will, under rule... Did he request additional time? He did request additional time, and he was granted it until January 30 of the next year, 2017. And in that order, he said that he would defer or deny. Excuse me. Rule 56 actually says, the initial statement of facts by both sides in Rule 56 motion, says that the court can defer or deny the motion for summary judgment outright or allow discovery. And, indeed, while not specifically stated in an affidavit and declaration, as is required by the rule, this pro se plaintiff said on page 196 of the record that he had, quote, no, it says no disposition, and what it was taken to mean is deposition transcripts, or discovery. And that was on page 196. So he did really tell the judge in the court below that he needed more time to at least respond to the motion for summary judgment. And part of the error with respect to that court was to consider the motion for summary judgment, having made the law of the case previously that these sophisticated legal issues of business necessity and bona fide seniority systems were fact-laden, fact-dependent issues, that a pro se litigant should at least have this six-month window. Whether or not he would have been able to prevail or would have created a question of fact within that tight timeline is not before the court. His entitled time that dated back to the 12B6 motion order was cut off, and that was the problem. And remarkably, the underlying situation here is the court sua sponte found his prima facie case for disparate impact. The lower court went through an amazing statistical analysis to find disparate impact. Of course, the court went forward, and the basis for our appeal is on the business necessity and bona fide seniority systems. But I reserve one minute for rebuttal as well, unless you have questions. Thank you, Your Honors. Good morning, Your Honors. Jeffrey Spahr for the appellee. This is the first I'm hearing about this delay argument. But I do note that in the motion to dismiss ruling from the bench, the judge on September 20, 1986, he specifically said, and this is in appendix A367, to the extent that I grant the motion to dismiss is without prejudice to the plaintiff's filing of an amended complaint to allege such facts of intentional discrimination. You're going to have to file an amended complaint if there are such facts of intentional discrimination within 30 days. I will caution Mr. Mosby to carefully evaluate the allegations you include in an amended complaint. If you choose to file an amended complaint, because if you wish to proceed at some later time, the base allegation is not fairly comprised, including your claim. It's unlikely the court will allow you to proceed on the basis of legal theories that have not been properly presented in the first place. Mr. Mosby was given a period of time in which to file a complaint. As a matter of fact, he did file a complaint, an amended complaint. He filed what was referred to as the amended retaliation complaint, and that was stricken by the court on my motion. It found that not only was it not responsive to the invitation to amend his complaint to state a claim of disparate treatment, but that it was stricken because it made no semblance of what a complaint should be underneath the rules. And that it said it was quote unquote unfair to require us to have to respond to it. I think, Your Honor, the main point here is, Your Honors, the main point here is that there was a finding of a bona fide seniority system, and this is clear in this case. And a bona fide seniority system is one in which it's equally applied and facially neutral. In this particular case, I won't bore you with the details, but you're aware that across the nation, after the Great Recession, all unions and municipalities and agencies and employers were renegotiating contracts where they had different tiers of benefits and wages and benefits. There would be a trade off where the employees would get maybe a higher wage, and in return, the employers would have them do a medical co-pay, and that was going to be from that moment on. So it's clear that this is a bona fide seniority system. But more importantly, in the appellant's brief, he doesn't address that. And so therefore, underneath the law, that he has waived any claim to ability to fight our bona fide seniority system claim. So number one is I would say that the judge did find as an alternate theory that there was a bona fide seniority system. And having found that, the appellant has waived his argument against that because he didn't address it in the brief. Second of all, even if he did address it, it's clear that underneath the case laws I've cited in my brief, there was a bona fide seniority system. The next aspect was the retaliation claim. The court specifically found that there was no evidence whatsoever on the motion for summary judgment of any retaliation. The retaliation claim, the essence of which was Mr. Mosby alleged that in a local blogger, that information that he found of personal nature was released. That information was his salary and his home address. But even Mr. Mosby submitted evidence from the blogger in which she specifically said, I get this from an open source. As an employee of the city of Norwalk myself, I know that my salary on an annual basis is published. So you can't claim that that's something that's personal in nature. And also the filings that Mr. Mosby made through the CHO, etc., had his home address on it. So there was a specific finding on the motion for summary judgment that there was, and also Mr. Mosby never showed that the city of Norwalk was the one that may have released that information. And in fact, the evidence he submitted showed that it came from the blogger. The last would be the disparate treatment. On the motion to dismiss, it was specifically found that there was no factual allegations beyond mere conclusions that would show that there was any discriminatory treatment of him individually. This was- In his brief, he argues that he was removed from his job as head custodian at the high school where he had been in that position for 15 years for retaliatory reasons. Now, why is that not a good retaliation claim? Because that was raised, as the court said, that was raised for the first time in opposition to the motion for summary judgment. And the court cited a number of cases that found that it is improper, even in a pro se litigants case, to raise for the first time this on the motion for summary judgment. If there's no further questions, thank you for your time. Thank you, Your Honors. And to respond to Judge Chen's question, the retaliation complaint was, or the purported retaliation claim was clearly stricken. However, the court allowed the first, the original filed complaint to be the operative complaint. That was the one that it- He doesn't insert this claim in the original complaint. He does. He says retaliation. It was a form complaint of discrimination, and he says retaliation. Does he go through specific- He certainly includes retaliation. Does he specify that there was retaliation in that he was removed from his position as head custodian? Does he say that? Absolutely not. No, he does not. That came up in the briefing here. Also, his purported retaliation complaint as well. But again, he should have had the opportunity, as we said before, as to some fact discovery, as to those very sophisticated legal issues of bona fide seniority system and business necessity, which the court below acknowledged. And you just joined the case recently? Last week, Your Honor. Last week. Thank you. Thank you. Thank you all. Thank you both for your arguments. The court will reserve decision. That does it for today. The clerk will adjourn court. Court is adjourned.